IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:07CR240–HEH |
| ) | |
| EVERETTE A. BURRELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION
(Overruling Defendant's Objection to Sentencing Guidelines)

Before the Court is a dispute as to whether the defendant qualifies for an enhanced period of confinement as a career offender. The defendant previously pled guilty to distributing 61.7 grams of cocaine hydrochloride in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(c). In preparing a Presentence Investigation Report ("PSR"), the United States Probation Officer determined that the defendant met the prerequisites for sentencing as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1.[1] This finding was predicated on two convictions for possession with the intent to distribute cocaine. The first conviction occurred in 1993 and the second in 1995, both in the Circuit Court of the City of Richmond, Virginia. The defendant neither contests the validity of the supporting convictions nor the fact that his 1995 conviction is properly countable under U.S.S.G. § 4B1.1.

---

[1] The defendant concedes that he was over 18 years old at the time of the offense of conviction and that possession with the intent to distribute cocaine is a controlled substance offense.

The defendant contends, however, that his 1993 conviction for possession with the intent to distribute cocaine should not be considered in determining his eligibility for career offender status. U.S.S.G. § 4B1.1(a)(3) provides in pertinent part that a defendant is a career offender if "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." The criterion for determining whether a controlled substance offense is countable is governed by U.S.S.G. § 4A1.2(e). Subsection (1) of that provision provides that "any prior sentence of imprisonment exceeding one year and one month that was imposed within 15 years of the defendant's commencement of the instant offense is counted." Subsection (2) of U.S.S.G. § 4A1.2(e) further provides that "any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." The defendant maintains that U.S.S.G. § 4A1.2(e)(2) precludes consideration of his 1993 conviction.

Defendant argues that his 1993 conviction for possession of cocaine with the intent to distribute is not countable because he was initially sentenced to ten years of confinement, the execution of which was suspended conditioned upon his successful participation in the Virginia Department of Corrections Boot Camp Program. He was also placed on supervised probation. The PSR indicates that the defendant's completion of this program required approximately 90 days. The defendant's record also reveals that the year following his discharge from the boot camp program, he was found to have violated the conditions of his probation, for which the court imposed one year of

2

confinement. The defendant maintains that because his participation in the boot camp program was not a specific judicially pronounced period of confinement, it is not countable. Consequently, the defendant maintains that his collective term of confinement on the 1993 conviction falls short of the one year and one month necessary under § 4A1.2(e)(1) for career offender eligibility. Under the defendant's theory, his 1993 conviction would be subject to the ten year cutoff established under § 4A1.2(e)(2).

The government counters that although not expressed as a specific term of months or years, the requirement that the defendant successfully complete the boot camp program is a sentence of imprisonment. The government points out that although the 1993 sentencing order does not specify a term of confinement, the defendant's criminal history clearly reflects that he entered the custody of the Virginia Department of Corrections on January 10, 1994 and was discharged from the boot camp program on April 8, 1994. When coupled with the additional one year of confinement imposed in 1995 for violating the conditions of his probation, his collective sentence of imprisonment clearly exceeded one year and one month. Under U.S.S.G. § 4A1.2(k)(1), any additional time of imprisonment imposed upon revocation of probation is added to the original term of imprisonment. *See also* U.S.S.G. § 4A1.2 Application Note 11.

The defendant's proposed construction of the phrase "sentence of imprisonment" is illogically narrow. Initially, it is important to note that the boot camp program is formally known as the Boot Camp Incarceration Program. *See* Code of Virginia § 19.2-

3

316.1. In many respects, the Boot Camp Incarceration Program is analogous to the Detention Center Incarceration Program, in that both entail a highly-structured, short-term period of incarceration. These remedial programs involve confinement in secure settings. As the Supreme Court of Virginia noted with respect to the Detention Center Incarceration Program, "[w]e do not consider these references to 'incarceration' to be inadvertent; by describing the Program in this manner, the General Assembly had determined that participation in the Program is incarceration." *See Charles v. Commonwealth*, 270 Va. 14, 18 (2005).

The Court is therefore of the opinion that court ordered participation in the Boot Camp Incarceration Program is a sentence of imprisonment for the purpose of determining whether a defendant qualifies as a career offender. Accordingly, the defendant's 1993 conviction will count in assessing his eligibility for enhanced punishment under U.S.S.G. § 4B1.1.

                                                                        /s/
                                            Henry E. Hudson
                                            United States District Judge

Date: Jan. 8, 2008
Richmond, Virginia